(No. 1100—Claimant awarded $500.00.)

PETER W. KEHLENBACH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1927.*

GOVERNMENTAL FUNCTION—*when State not liable.* The State in conducting its State penitentiary at Statesville, exercises a governmental function and is not liable for injuries sustained by its employees therein while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* An award may be made to an employee who is injured while in the employment of the State, and in the discharge of his duty, as a matter of social justice and equity.

LAGGER & BLATT, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant in this case, Peter W. Kehlenbach, sets out in his declaration that he is and has been for a number of years last past, a resident citizen of the county of Will and State of Illinois; that on January 19, 1926, and for some time prior thereto, he was employed as a guard or keeper at the Illinois State Penitentiary at Statesville, and on said day was keeper of one of the cell houses at said penitentiary; that on said day and date a convict known as No. 8836 Coughington, confined

in the south cell house, suddenly and without warning attacked one J. R. Babcock, a guard in said cell house; that claimant went to the assistance of said J. R. Babcock, and he was then attacked by said Coughington and beaten about the body with a cane which the convict had seized, and cut about the body with a knife which the convict held, inflicting, among other injuries, a cut in his abdomen about seven inches long, and a cut on the throat; that he was otherwise beaten, bruised and injured by the convict and as a result thereof he was seriously and permanently injured. To the declaration, the State of Illinois, by the Attorney General, filed a demurrer, which, as a matter of law, is sustained.

It appears from the testimony of Dr. Fletcher, State physician, who had the care of the claimant, that he is not permanently disabled, and that his injuries are entirely cured. He is working as guard at the penitentiary again, and there is nothing to indicate that he does not receive the same remuneration as he did prior to his injury. However, claimant testifies that he is not able to do any heavy lifting, on account of the injury to his abdomen, and that it has become necessary for him to wear glasses, on account of injury sustained to his left eye; that he was a machinist prior to entering into the service of the State of Illinois, and that it would be impossible now for him to do the work he was formerly accustomed to perform. While we do not concede any legal liability on the part of the State of Illinois, we feel that, as a matter of social justice and equity, this claimant who was unjustifiably attacked while performing his duties, and as a result thereof sustained serious, probably permanent, injuries, is entitled to some compensation, and we award him the sum of $500.00.